Zhang v. Lynch

BIA
Nelson, IJ
A087 649 629

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of December, two thousand fifteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge,*
> PETER W. HALL,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

JING ZHANG,
> *Petitioner,*

> v.                                     14-925
>                                        NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Guang Jun Gao, Flushing, New York.

FOR RESPONDENT:        Joyce R. Branda, Acting Assistant
                       Attorney General; John W. Blakeley,
                       Assistant Director; Katharine E.
                       Clark, Senior Litigation Counsel,

Office of Immigration Litigation,
United States Department of Justice,
Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Jing Zhang, a native and citizen of the People's Republic of China, seeks review of a March 13, 2014, decision of the BIA affirming the March 6, 2012, decision of an Immigration Judge ("IJ"), denying her application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). *In re Jing Zhang*, No. A087 649 629 (B.I.A. Mar. 13, 2014), *aff'g* No. A087 649 629 (Immig. Ct. N.Y. City Mar. 6, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the decisions of the IJ and the BIA "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

"[T]o establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in h[er] country of nationality are either aware of h[er] activities or likely to become aware of h[er] activities." *Y.C. v. Holder*, 741 F.3d 324, 332-33 (2d Cir. 2013) (quoting *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) (per curiam)). We find no error in the agency's determination that Zhang failed to satisfy this requirement.

The agency reasonably declined to credit an unsworn letter from Zhang's father asserting that officials in China were aware of Zhang's involvement with the Chinese Democracy Party ("CDP") in the United States. *See Y.C.*, 741 F.3d at 334. Furthermore, the agency reasonably determined that news articles, which suggested that only high-ranking CDP officials are subject to arrest and mistreatment in China, were insufficient to establish that Chinese authorities are likely to become aware of or to be interested in her activities as a low-level member in the CDP. *See Hongsheng Leng*, 528 F.3d at 143; *Y.C.*, 741 F.3d at 334-37.

Because the agency reasonably found that Zhang failed to demonstrate a well-founded fear of persecution, *see Hongsheng Leng*, 528 F.3d at 143, it did not err in denying asylum and withholding of removal, *see Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). We lack jurisdiction to consider Zhang's unexhausted challenge to the agency's denial of CAT relief. *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4